# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

RICHARD EUGENE KIENITZ,

        Plaintiff,

      v.

UNKNOWN PROVIDER, *et al*.,

        Defendants.

Case No. 3:25-cv-00374-ACP

## ORDER ON PENDING MOTIONS

Self-represented litigant Richard Eugene Kienitz ("Plaintiff") has filed a complaint, a First Amended Complaint, and numerous miscellaneous documents in this case. As required by federal law, the Court will review Plaintiff's claims in the First Amended Complaint and issue a Screening Order that will indicate whether this case may proceed in the federal district court.[1] Cases are typically reviewed in the order in which they are received by the Court.[2]

The Court declines to prioritize its screening review in this case but must address Plaintiff's pending motions and other improper filings. The Court recognizes that documents filed by self-represented litigants are to be construed liberally, and that federal courts must act with some leniency toward those without legal training.[3] However, this leniency does not require the Court to rewrite

---

[1] 28 U.S.C. § 1915(A).

[2] If a case is deficient at the time of filing, the screening review is based on the date the deficiencies are cured.

[3] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

deficient pleadings or motions.[4] Nor can the Court provide legal advice or act as a party's attorney.[5] Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[6]

### I.      Motions Generally

It is not permissible to write or otherwise try to directly communicate with the judge assigned to a case, and the Court will not consider future requests made by Plaintiff in the form of a letter. In order to seek relief from the Court, a party must file a motion.[7] Except for alternative requests for relief or as otherwise provided by rule or order of the Court, each motion must only contain one request for relief.[8] A motion should contain the information identified in the caption of this order and should be titled "Motion for (*state the relief requested*)." For nondispositive

---

[4] *See Pliler v. Ford*, 542 U.S. 225, 231 (2004).

[5] *Rizzo v. Goode,* 423 U.S. 362, 371-72, 377 (1976).

[6] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[7] *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must ... state with particularity the grounds for seeking the order" and "state the relief sought."); Alaska Local Civil Rule 7.1(a) (requiring all written motions and oppositions to include "a brief statement" of the requested relief and supporting authorities).

[8] Local Civil Rule 7.1(e); *see also* Local Civil Rule 5.1(f)(2).

Case No. 3:25-cv-00374-ACP, *Kienitz v. Unknown Provider, et al.*
Order on Pending Motions
Page 2 of 12
Case 3:25-cv-00374-ACP      Document 20      Filed 05/21/26      Page 2 of 12

motions—motions that do not resolve the main claims or end the case—a litigant must include a proposed order that the Court can issue if the motion is granted.[9] The proposed order helps to clarify what the moving party is asking the Court to order.

The Court acts to resolve all pending cases in the most efficient manner possible. A federal district court is a trial court simultaneously addressing a volume and variety of cases of varying priorities; and a part of the Court's responsibility is "to see that [its] resources are allocated in a way that promotes the interests of justice."[10] Accordingly, the Court cannot issue orders and rulings purely on the best timeline for a litigant.

**Once a motion has been filed, Plaintiff is required to wait for a ruling. Plaintiff must not file a motion if he has another motion on the same subject matter already pending before the Court, and he must refrain from unnecessarily increasing the number of filings by requesting a ruling on an already-pending motion**.

## II. Plaintiff's motion for relaxed rules

At Docket 10, Plaintiff field a motion for "relaxed rules" and supporting

---

[9] Local Civil Rule 7.1(b).

[10] *In re McDonald,* 489 U.S. 180, 184 (1989) (per curiam). *See also O'Loughlin v. Doe,* 920 F.2d 614, 618 (9th Cir. 1990) ("[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.").

Case No. 3:25-cv-00374-ACP, *Kienitz v. Unknown Provider, et al.*
Order on Pending Motions
Page 3 of 12
Case 3:25-cv-00374-ACP    Document 20    Filed 05/21/26    Page 3 of 12

affidavit. While Plaintiff is correct that self-represented prisoner pleadings must be held to less stringent standards, a motion requesting such treatment is unnecessary. The Court will rule on pending motions and screen Plaintiff's Complaint in due course consistent with its statutory and inherent authority. To the extent Plaintiff seeks any relief beyond the ordinary liberal construction afforded to self-represented litigants, Plaintiff's motion at **Docket 10 is DENIED.**

### III.　　Plaintiff's motions related to case process and timing

At Docket 11, Plaintiff filed an "emergency" motion to expedite trial, and at Docket 12, Plaintiff filed a motion for summary judgment. If a complaint passes initial screening, the case proceeds through several distinct procedural stages of litigation. Before the Court completes its mandatory screening, motions for summary judgment, default judgment, discovery, service, etc., are premature and should not be filed. Further, the filing of "emergency motions" is disfavored and is properly confined to only limited circumstances.[11] Plaintiff has not established good cause for expedited consideration,[12] and is cautioned Plaintiff against labeling motions as "emergency motions" absent good cause. For these reasons, Plaintiff's motions at **Dockets 11 and 12 are DENIED.**

---

[11] *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)).

[12] *Id. See also* Local Civil Rules 5.1(f)(2) and 7.1(e).

Case No. 3:25-cv-00374-ACP, *Kienitz v. Unknown Provider, et al.*
Order on Pending Motions
Page 4 of 12

### IV. Plaintiff's requests for prospective relief

At Docket 16, Plaintiff's letter requests the Court provide him with a personal caretaker, and at Docket 17, Plaintiff's letter requests the Court expedite his transfer from prison to an assisted living facility. A preliminary injunction is an extraordinary remedy that is "never awarded as of right."[13] Injunctions requiring affirmative action are "particularly disfavored."[14] Such injunctions require the moving party to establish "not simply that [it] is likely to succeed," but that "the law and facts clearly favor [its] position."[15] Additionally, courts may only grant preliminary injunctive relief only if the relief is "of the same nature as that to be finally granted."[16] There must be "a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself."[17] Requests for prospective relief are further limited by the Prison Litigation Reform Act, which requires that any grant of prospective relief with respect to prison conditions be narrowly drawn, extend no further than necessary, and be the

---

[13] *See Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008). The party seeking an injunction must establish: (1) likelihood of success on the merits; (2) likelihood of irreparable harm absent preliminary relief; (3) the balance of equities tips in favor of the injunction; and (4) the injunction is in the public interest. *Winter,* 555 U.S. at 20.

[14] *Garcia v. Google, Inc.,* 786 F.3d 733, 740 (9th Cir. 2015) (*quoting Stanley v. Univ. of S. Cal.,* 13 F.3d 1313, 1320 (9th Cir. 1994)).

[15] *Garcia*, 786 F.3d at 740.

[16] *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.,* 810 F.3d 631, 636 (9th Cir. 2015).

[17] *Id.*

Case No. 3:25-cv-00374-ACP, *Kienitz v. Unknown Provider, et al.*
Order on Pending Motions
Page 5 of 12
Case 3:25-cv-00374-ACP     Document 20     Filed 05/21/26     Page 5 of 12

least intrusive means necessary for correction.[18]

As Plaintiff's complaint has not yet been screened, the Court cannot find that Plaintiff has shown a likelihood of success on the merits. Further, Plaintiff's motion makes no showing that he will suffer irreparable harm in the absence of an injunction, that the balance of equities tips in his favor, or that an injunction is in the public interest.[19] Because Plaintiff has not met the requirements for the injunctive relief he seeks, his requests at **Dockets 16 and 17 are DENIED.**

### V.     Plaintiff's letters at Dockets 18-19

Plaintiff wrote a letter addressed to the "Sirs of the Court" in which he updates his contact information, again requests a court appointed attorney, and includes questions and other information about a potential personal injury claim involving an alleged hit and run.[20] Plaintiff also wrote a letter addressed to the undersigned requesting preliminary injunctive relief, and he attached a First Amended Complaint and Application to Proceed without Prepaying the Filing Fee.[21]

As explained above, the Court will not consider future requests made by Plaintiff in the form of a letter, and each request for relief must be filed in a separate

---

[18] 18 U.S.C. § 3626(a)(1)(A). *See also Gomez v. Vernon,* 255 F.3d 1118, 1129 (9th Cir. 2001).

[19] *See Winter v. NRDC, Inc.,* 555 U.S. 7, 24 (2008).

[20] Docket 18.

[21] Docket 18-1 – 18-4.

motion. Plaintiff's requests for preliminary injunctive relief and for court appointed counsel are DENIED as duplicative of earlier requests. However, upon review, Plaintiff's motion at **Docket 18 is GRANTED insofar as Plaintiff's First Amended Complaint at Docket 18-2 is ACCEPTED as filed and Plaintiff's application to proceed without prepaying the Court's filing fee is GRANTED.** Plaintiff's request for an update on the status of his Application to Proceed without Prepaying the Filing Fee at **Docket 19 is DENIED as moot.**

The Court will screen Plaintiff's amended complaint at Docket 18-2 in due course. **Until a Screening Order has been issued, Plaintiff is discouraged from filing additional motions or other documents.** The Court cautions that unnecessary filings or attempts to serve other parties without direction from the Court, may result in the summary denial of motions, restrictions on further filings, or delays in the litigation.

## VI.    Plaintiff's motions for a court-appointed attorney

Plaintiff has filed two motions asking the Court to find and appoint him an attorney.[22] There is no constitutional right to appointed counsel in a civil action.[23]  A federal court "may request an attorney to represent any person unable to afford

---

[22] Dockets 3, 9.

[23] *See Turner v. Rogers*, 564 U.S. 431, 441 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

Case No. 3:25-cv-00374-ACP, *Kienitz v. Unknown Provider, et al.*
Order on Pending Motions
Page 7 of 12
Case 3:25-cv-00374-ACP    Document 20    Filed 05/21/26    Page 7 of 12

counsel."[24] However, a district court's decision to request counsel for a self-represented litigant in a civil action is discretionary and granted only in exceptional circumstances,[25] which Plaintiff has failed to establish in this case. Further, although 28 U.S.C. § 1915(e)(1) permits a court to request a volunteer attorney, this Court currently has no list of volunteer attorneys from which it may request counsel to represent Plaintiff.

For these reasons, Plaintiff's motion for a court-appointed attorney at **Docket 3 is DENIED.** Plaintiff's motion for a court-appointed attorney at **Docket 9 is DENIED as duplicative.**

### VII.    Plaintiff's motion for judicial notice

At Docket 8, Plaintiff filed a motion requesting the Court take judicial notice of alleged numbers of prisoner deaths at DOC in 2022 and 2025. Although the Court may consider documents attached to the complaint or matters of judicial notice, the scope of review at the screening stage is generally limited to the contents of the complaint.[26] At the screening stage, a federal court determines only whether the plaintiff should be afforded an opportunity to proceed to the next stage of litigation. A plaintiff need not file exhibits or evidence to prove his case at the

---

[24] 28 U.S.C. § 1915(e)(1).

[25] *Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir.1980).

[26] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

Case No. 3:25-cv-00374-ACP, *Kienitz v. Unknown Provider, et al.*
Order on Pending Motions
Page 8 of 12

screening stage of the case, and motions requesting judicial notice are generally unnecessary and improper at this point.

Further, the allegations in Docket 8 involve disputed factual matters that are not generally known or readily verifiable from sources whose accuracy cannot reasonably be questioned and thus are not appropriate for judicial notice.[27] Moreover, these alleged deaths do not appear to be directly relevant to Plaintiff's claims in this case.[28] Accordingly, Plaintiff's motion for judicial notice at **Docket 8 is DENIED.**

### VIII. Notice of Change of Address

The docket reflects that Plaintiff filed multiple notices updating his address before any transfer occurred, then filed a request asking the Court to expedite his transfer, and thereafter attempted to update his address in a letter containing multiple requests.[29] In that letter, Plaintiff claims he was to be transferred to ARC the following morning, but his most recent filing was sent in an envelope with his return address at the Anchorage Correctional Complex. According to Alaska's

---

[27] Fed. R. Evid. 201(b)(2). *See also* Black's Law Dictionary (12th ed. 2024) (defining judicial notice as a "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact.").

[28] *See Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 991 n. 8 (9th Cir. 2012) (denying judicial notice of appeals in other cases where issues on appeal were not relevant to present case).

[29] *See* Docket 5 (Notice of Change of Address); Docket 17 (motion to expedite transfer); Docket 18 (letter updating address).

automated inmate information and notification service, Plaintiff remains housed at ACC.[30]

The Clerk is directed to update Plaintiff's address and send a copy of this order to Plaintiff at ACC. However, future failure to keep a current address on file with the Court will result in dismissal of this case without further notice to Plaintiff. The Notice must not include requests for any other relief or other information, and **Plaintiff should not file notices of address change prematurely or based on anticipated transfers or moves that have not yet occurred.** Such filings create unnecessary confusion regarding Plaintiff's correct address and complicate the administration of the case.

**IT IS THEREFORE ORDERED:**

1.     Plaintiff's motion at **Docket 18 is GRANTED** insofar as Plaintiff's First Amended Complaint at Docket 18-2 is ACCEPTED as filed and Plaintiff's application to proceed without prepaying the Court's filing fee is GRANTED.

2.     All remaining motions and requests are **DENIED** for the reasons explained in this order.

3.     The Court will screen Plaintiff's First Amended Complaint at Docket 18-2 in due course.

---

[30] Information regarding inmates in the custody of the Alaska Department of Corrections, such as an inmate's current location and tentative release date, is available through the Victim Information and Notification Everyday ("VINE") service at www.vinelink.com.

4.     Until a Screening Order has been issued, Plaintiff is discouraged from filing additional motions or other documents. If a motion has been filed, Plaintiff is required to wait for a ruling. **Plaintiff must not file a motion if he has another motion on the same subject matter already pending before the Court, and he must refrain from unnecessarily increasing the number of filings by requesting a ruling on an already-pending motion.**

5.     Federal law only allows prisoners to waive the *prepayment* of the fees associated with civil lawsuits.[31] Prisoners must pay the $350 filing fee incrementally until paid in full, regardless of the outcome of the lawsuit.[32] Should Plaintiff proceed with this lawsuit, the Court will issue a separate order to collect the filing fee in installments from Plaintiff's prisoner trust account until the $350 is paid in full.

6.     At all times, Plaintiff shall promptly update his contact information in this case by filing by filing a Notice of Change of Address. Plaintiff may use the Court's Form PS23,[33] or he may file a document titled "Notice of Change of Address" that clearly states his new mailing address and its effective date. **The Notice must not include requests for any other relief.**

---

[31] 28 U.S.C. § 1915(a)-(b).

[32] 28 U.S.C. § 1915(b)(1) & (2).

[33] Although the Court provides forms that are required for certain filings, the Court does not require a specific form to update an address. However, a Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed.

Case No. 3:25-cv-00374-ACP, *Kienitz v. Unknown Provider, et al.*
Order on Pending Motions
Page 11 of 12
Case 3:25-cv-00374-ACP    Document 20    Filed 05/21/26    Page 11 of 12

7.     The Clerk is directed to update Plaintiff's address to the Anchorage Correctional Complex and send Plaintiff a copy of this order at that address.[34]

DATED this 21st day of May, 2026, at Anchorage, Alaska.

/s/ Aaron Christian Peterson
AARON CHRISTIAN PETERSON
UNITED STATES DISTRICT JUDGE

---

[34] *See* Docket 19 at 3.

Case 3:25-cv-00374-ACP     Document 20     Filed 05/21/26     Page 12 of 12